# Exhibit 1-K

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | 18-md-2865 (LAK) |
| CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION | **Request for International Judicial Assistance** |
| This document relates to All Cases. | |

      The United States District Court for the Southern District of New York presents its compliments to the appropriate judicial authority of the Cayman Islands, and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this court in the above captioned matter.  This request is made under the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters.

      This Court requests the assistance described herein as necessary in the interests of justice.  The assistance requested is that the appropriate judicial authority of the Cayman Islands compel Trident Trust Company (Cayman) Limited ("<u>Trident</u>") to provide the documents set forth below for use at trial or in a dispositive motion.

<u>**PERSON TO BE SERVED**</u>

    1.      Trident Trust Company (Cayman) Limited, One Capital Place, Shedden Road, George Town, Grand Cayman KY1-1103.

<u>**BACKGROUND REGARDING THIS CIVIL PROCEEDING**</u>

    2.      In May and June 2018, Plaintiff Skatteforvaltningen ("<u>SKAT</u>") filed 140 similar complaints in eleven different federal judicial districts.  On October 3, 2018, the federal complaints were consolidated in this Multi-District Litigation ("<u>MDL</u>") and assigned to the

Honorable Lewis A. Kaplan.  On February 26, 27, and 29, 2019, SKAT filed 43 additional

complaints, which were consolidated into the MDL assigned to Judge Kaplan.  On November 19,

2019, SKAT filed an additional related complaint, which has also been incorporated into the

MDL.

3.        This case stems from an allegedly fraudulent tax refund scheme to deceive SKAT

into paying out over 12.7 billion Danish Kroner ("DKK"), the equivalent of approximately $2.1

billion (US) of allegedly withheld dividend tax.  Over 300 entities falsely claimed tax refunds

from SKAT (the "SKAT Refund Claimants"). The SKAT Refund Claimants purported to own

shares in Danish companies listed on the OMX Copenhagen 20 Index, the 20 most-traded stocks

in Denmark.  Danish companies are required to withhold 27% tax on dividends they pay to

shareholders.  Under certain double taxation treaties between Denmark and other countries,

including the United States, this tax is reimbursable to certain non-Danish shareholders.  SKAT

Refund Claimants that were based in the United States, along with certain of their affiliated

individuals, are the Defendants in this MDL.

4.        The SKAT Refund Claimants, acting through their agents and representatives,

applied to SKAT claiming repayments of tax withheld on dividends that they purported to have

earned on shares of Danish companies that they claimed to hold.  These applications are alleged

to have been fraudulent because the claimants did not own the shares that they claimed to own,

did not earn the dividends they claimed to have earned, and were not entitled to the tax refunds

they claimed.  Based on the allegedly fraudulent tax refund claims submitted by the Defendants

in the MDL, SKAT asserts that it paid baseless withholding tax refund claims of approximately

$1,234,288,400 (US).

5.        The Defendants effectuated the scheme by appointing agents to apply to SKAT for refunds in respect of shares in Danish companies that they did not own.  The Defendants each submitted refund claims seeking the full 27% withholding tax that had allegedly been withheld from distributions on shares of Danish companies the claimants purported to own.  These claims were submitted through payment agents, which in turn submitted the claims by mail or email transmission to SKAT.  Each entity claiming a withholding tax refund submitted to SKAT a "credit advice," "income advice," "tax voucher," or similar document created by a custodian that purported to show the claimant's ownership of shares in Danish companies listed on the OMX Copenhagen 20 Index.

6.        The Defendants are alleged to have used an entity for whom Trident acts or previously acted as a corporate services provider ("CSP") in the Cayman Islands (the "Cayman Third Party") to conduct the fraudulent transactions that purport to evidence the Defendants' purchase of shares, and to channel the refund payments from SKAT in a way that obfuscated the true beneficiaries of the refund claims. SKAT alleges that the Cayman Third Party was ultimately owned by, controlled by, and/or operated for the benefit of the Defendants in these proceedings and in related proceedings in other jurisdictions.

7.        The Cayman Third Party is: Aquila (Cayman) Limited.

### SKAT'S FACTUAL ALLEGATIONS

8.        The allegations in SKAT's complaints in the consolidated actions are substantially similar.  SKAT brought complaints against the Defendants that submitted fraudulent dividend withholding tax refund claims to SKAT and various individuals and entities who formed partnerships with Defendants, helped structure the dividend withholding tax refund scheme, and coordinated the submission of fraudulent tax refund claims to SKAT.  The

complaints allege that between 2012 and 2015, Defendants submitted fraudulent requests for tax refunds to SKAT.   Plaintiff SKAT asserts claims for fraud, aiding and abetting fraud, payment by mistake, unjust enrichment, negligent misrepresentation, and related claims.  SKAT's case is that the Defendants used the Cayman Third Party and other offshore companies to advance their fraudulent scheme and conceal their involvement in it.

## THIS COURT HAS GRANTED SKAT'S REQUEST
## TO ASSIST IN THE PROCURING OF EVIDENCE ABROAD

9.        On April 27, 2020, SKAT filed a motion with this Court seeking the Court's assistance in facilitating discovery in respect of the Cayman Third Party from Trident . That motion was granted by this Court on [_____], 2020.

10.        Under principles of international comity, this Court writes to request that Trident be required to provide SKAT the documents set forth below for use at trial or in a dispositive motion. These documents are likely to demonstrate that Defendants in these proceedings and in related proceedings in other jurisdictions owned, controlled, or were benefited by the operation of the Cayman Third Party, and will also reveal the relationships between the Cayman Third Party and Defendants in the common fraudulent scheme.  Confirmation that Defendants in these proceedings and in related proceedings in other jurisdictions owned, controlled, or benefited from the operation of the Cayman Third Party and the relationship between the Defendants and the Cayman Third Party bears directly on SKAT's case against the Defendants, and, therefore, their disclosure is necessary for the purposes of justice.

## DOCUMENTS AND INFORMATION TO BE PRODUCED

11.        On the application of SKAT, to be made by Kobre & Kim (Cayman), Trident should be required to produce, in respect of the Cayman Third Party, the following documents:

    a.   Certificate of incorporation;

    b.  Articles of association;

    c.  Memorandum of association;

    d.  Register of shareholders;

    e.  Register of directors;

    f.  Register of beneficial owners;

    g.  Books of Account;

    h.  Customer due diligence records obtained by Trident pursuant to the Anti-Money Laundering Regulations;

    i.  Correspondence between clients of record and Trident;

    j.  Correspondence between introducers and Trident;

    k.  Correspondence between directors and Trident;

    l.  Agreements for the provision of corporate services between Trident and the Cayman Third Party, or those acting on its behalf; and

    m.  Invoices issued by Trident to the Cayman Third Party, or those acting on its behalf, and payment records showing the payment of such invoices, including but not limited to:

        i.  the bank details from which payments were made

        ii.  supporting information to enable payments to be made including payee due diligence records obtained.

12.     All documents should be duly marked for identification.

13.     A director or other authorized person of Trident should be ordered to provide an affidavit certifying that the documents produced were kept in the ordinary course of business, in substantially the form attached as Schedule A hereto ("Business Records Certification").

14.      If, for any reason, it is not possible for a director or other authorized person to

provide a Business Records Certification, a director or other authorized person of Trident should

be ordered to provide oral testimony under oath on the areas of inquiry set out in Schedule B

before an examiner appointed by the Grand Court of the Cayman Islands.

## INSTRUCTIONS

15.      I would ask that you cause the attorneys for SKAT to be provided with any

documents or other evidence produced by Trident pursuant to this request. Their details are as

follows:

> Neil J. Oxford
> Hughes Hubbard & Reed LLP
> One Battery Park Plaza
> New York, NY 10004-1482
> Tel.:  (212) 837-6843
> Email:  neil.oxford@hugheshubbard.com
>
> Peter Tyers-Smith
> Kobre & Kim (Cayman)
> 9 Forum Lane, Suite 3207 Camana Bay
> Grand Cayman, Cayman Islands, KY1-9006
> Tel.: (345) 749 4032
> Email: peter.tyers-smith@kobrekim.ky

## TIME OF EXECUTION OF REQUEST

16.      It is requested that this request be processed as expeditiously as possible.

## SPECIFIC REQUESTS

17.      It is requested that should any part of this Request be refused on legal grounds,

such refusal should not affect the remainder of the requests.

18.      SKAT stands ready, willing, and able to reimburse the appropriate judicial

authority of the Cayman Islands for all reasonable costs incurred in executing the undersigned

judicial authority's request for international judicial assistance.

19.      The Court appreciates the assistance of the appropriate judicial authority of the Cayman Islands in obtaining evidence in this matter and is willing to provide similar assistance to judicial authorities in the Cayman Islands if and when required.

      WITNESS, the Honorable Lewis A. Kaplan, District Judge, United States District Court for the Southern District of New York, the ___ day of _____ 2020.

      Respectfully submitted,

The Hon. Lewis A. Kaplan
District Judge
United States District Court
Southern District of New York

7

## SCHEDULE A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to All Cases. | **AFFIDAVIT OF** _____<br><br>18-md-2865 (LAK) |

I, [NAME], a citizen of [STATE] residing at [ADDRESS], MAKE OATH and say as follows:

1.      I am currently employed by _____ ("Corporate Services Provider").  My official title is _____.

2.      By reason of my position and experience, I am a duly authorized custodian of records, or qualified witness, for the Corporate Services Provider, and have authority to certify the records herein described.

3.      In response to an order of appropriate judicial authority of the Cayman Islands dated _____, ordering the production of documents identified in a Letter of Request from the District Court of the Southern District of New York dated _____, the Corporate Services Provider produced [identification of documents, such as production volume or Bates number] to Neil J. Oxford, Esq., counsel for Skatteforvaltningen in this matter.

4.      I certify that, aside from the production number, the records listed above are true and correct copies of records extracted from the Corporate Services Provider's business records maintained in the ordinary course of its business.

5.      The records listed above were:

a.      Made or received by the Corporate Services Provider's personnel at or near the time of the occurrence of the matters set forth therein, by, or from information transmitted by, persons with knowledge of those matters;

b.      Kept by the Corporate Services Provider's personnel in the course of the Corporate Service Provider's regularly conducted business activities; and

c.      Made or received as part of the regular practice of the Corporate Services Provider's regularly conducted business activities.

I certify under penalty of perjury that the foregoing is true and correct.

Sworn by the within named [NAME]                    )
                                                     )
On [DATE]                                            )
                                                     )        [Signature of witness]
                                                     )
Before me: _____              )
NOTARY PUBLIC/COMMISSIONER OF OATHS                  )

## SCHEDULE B

AREAS OF ENQUIRY

1. Whether the documents produced by Trident pursuant to this letter of request are:

    a. True and correct copies of records extracted from Trident's business records maintained in the ordinary course of its business.

    b. Made or received by Trident's personnel at or near the time of the occurrence of the matters set forth therein, by, or from information transmitted by, persons with knowledge of those matters;

    c. Kept by Trident's personnel in the course of Trident's regularly conducted business activities; and

    d. Made or received as part of the regular practice of Trident's regularly conducted business activities.